# Payne, Ex'r. v. Long.

|121  385|
|131  443|

### Action on Promissory Note.

1. *Contracts; when all previous agreements merged in written.* The principle is familiar that when a contract is reduced to writing all previous agreements and negotiations between the parties in reference to the subject matter of the contract are merged in the writing, and in the absence of fraud or mistake are considered as abandoned. But if there remain any unsettled matters between the parties to a note at the time of its execution and delivery, not embraced in it, they may well incorporate in the instrument a provision to that effect, to limit in its settlement the operation of the above rule.

2. *Promissory note; what is an alteration of.*—In a suit on a promissory note a plea that after the defendant signed the note sued on he added thereto on the same piece of paper on which the note was written a memorandum in writing in the qualifying words, "subject to settlement between us," and that after said note was delivered to the plaintiff he, without knowledge or consent of defendant, altered said note by detaching said memorandum, is a good defense if proved, and a motion to strike it and a demurrer to it were properly overruled, since the qualifying words plainly enough indicate that there is something unsettled between the parties

25

[Payne, Ex'r, v. Long.]

not included in the note, and which may be brought forward on its settlement and such words constitute a material part of the note which cannot be stricken by the payee without consent of the maker.

3. *Deposition in chancery suit; when not admissible in law court.* A deposition taken in a chancery suit is not admissible in a suit at law between the same parties, unless it is shown that the witness was examined under oath and the opposite party had the power to cross-examine, and was legally called on to do so; whether admissible at all is not decided in this case.

4. *A plea of non est factum when demurrable.* A plea which is in form a plea of *non est factum*, alleging that the defendant did not execute the note sued on because the same was altered after delivery and without his consent, by detaching therefrom a material memorandum, is subject to demurrer if it does not set out the memorandum.

5. *Alteration when it avoids contract.* "Any material alteration of a paper by one not a stranger to it, whether injurious or not, avoids the contract as to all parties not consenting. It is enough that the alteration is one which causes the paper to speak a language different in legal effect from that which it originally spoke."

6. *Motion to exclude evidence when too late.* If a defendant is examined without objection as to transactions with a deceased person whose executor is plaintiff, the plaintiff is not entitled as a matter of right to have the evidence excluded after it has been received.

7. *Ratification of altered instrument; what is the effect of.* The ratification of an altered instrument by the parties to it will restore it as altered without new consideration.

8. *Same; what is.* If the maker of an altered note makes payments on it after he knows of the alterations this will amount to a ratification.

9. *Same; what is not.* A charge is bad which instructs the jury to find in favor of ratification if the defendant ordered credits for past payments to be entered on the note after he knew of the alteration, unless it also instructs that the defendant must have known of the alteration at the time the past payments were made.

10. The materiality of an alleged alteration in a written instrument is not a question for the jury and charges which refer such question to the jury are faulty.

APPEAL from the Circuit Court of Walker.
Tried before the HON. JAMES J. BANKS.

: .This suit was on a promissory note and was brought by .F. M. Payne against B. M. Long. Payne dying during the progress of the suit, his executor, E. W. Payne, was made party plaintiff. The principal defence was the alteration of the note by the plaintiff without the knowledge or consent of the defendant. ' The plaintiff offered in evidence without objection parts of a deposition taken in chancery suit between the same parties and involving the same subject matter as that of the pending suit. The defendant offered his own deposition in the chancery suit given by him orally before the register and taken down by that officer. The alteration set up as a defence was a memorandum made under these circumstances as stated by the defendant. The defendant wrote the note sued on at the top of a sheet of paper and after he had signed the note, but before he delivered it to the plaintiff he entered on the same sheet the words "this note is subject to an adjustment about the number of acres included in the deed from Payne to me." The sheet also contained calculations made prior to the execution of the note to ascertain the amount due from Long to Payne. The plaintiff desiring to use the note as collateral security detached therefrom the memorandum mentioned. The existence of the calculations on the sheet on which the note was written was admitted by the plaintiff, and that he detached the same from the note, but he denied that there was any other writing or any writing at all qualifying the note on the sheet. The other facts and the rulings of the court on the pleadings sufficiently appear in the opinion.

APPLING & McGUIRE, for appellant.—The alleged alteration in order to vitiate must be such as to make the instrument speak a language different in legal effect from that which it originally spoke—1st Am. Eng. Ency, 505; *Montgomery v. Croosthwait,* 90 Ala. 553; *Lesser v. Scholz,* 93 Ala. 339; *Bellinger v. Anderson,* 87 Ala. 334. (2). The alleged memorandum was no part of the note; Payne's attention was not called to it as a part of the contract; it was a mere *reminder* having no connection with the contract and might well have been detached by Payne.—*Maners v. Henry,* 96 Ala. 454; *Winter v. Poole,*

[Payne, Ex'r, v. Long ]

14 So. Rep. 41; 3 Randolph on Com. Paper, Sec. 1743; *Cushing v. Field,* 70 Me. 50; (3). It is not alleged that the alteraton was done with fraudulent intent.—1st Greenleaf Ev. Sec. 568; *Hunt v. Adams,* 6 Mass. 519; *Smith v. Dunbar,* 8 Pic. 246; *Arnold v. Jones,* 2 R. L. 343; *Reid v. Kemp,* 445. (4). The demurrer to the fifth plea should have been sustained. The plea does not state what the "memorandum" was; it is incomplete; and without the memorandum the allegation as to the material alteration with fraudulent intent is a legal conclusion of the pleader.—12 Am. & Eng. Ency Pl. & Pr,, 1020; *Stewart v. Hargrove,* 23 Ala. 430. (5). The chancery deposition of the defendant should not have been admitted because the defendant was in court and because it does not appear that the plaintiff had the right to cross examine the defendant when the deposition was taken or was called on to do so or that the deposition was used in the chancery case.—*M. & C. R. R. v. Maple,* 63 Ala. 601; 3 Brick. 445; *Pleasants v. Clements,* 2 Leigh 474; *Haines v. O'Brien,* 74 Ala. 64; *Howellette v. George,* 9 S. R. 885; *Turnley v. Hanna,* 82 Ala. 143; *Long v. Davis,* 18 Ala. 801; *Hein v. Bank, etc.,* 12 Ala. 408.

(1). COLEMAN & BANKHEAD, *contra.*—The words detached from the note changed the contract.—Montgomery v. Crossthwaite, 90 Ala. 553. (2). Erasing writing which affects the note avoids it.—*Wheelock v. Freeman,* 23 Am. Dec. 674; Bishop on Contracts, Sec. 751. (3). The deposition of the defendant in the chancery suit was admissible.—*Evans v. Reed,* 84 Pa. St.; *Armitage v. Snowden,* 41 Md. 123; *McMullin v. Richie,* 64 Fed. Rep. 253; *Quick v. Brooks,* 29 Ia. 484; *St. Clair v. Orr* 16 Ohio St. 220; *Davidson v. Rothschild,* 49 Ala. 104. (4). The materiality of the alteration should not have been left to the jury, *Pharr v. Bachelor,* 3 Ala. 237; *Stanley v. Banks,* 23 Ala. 652.

HARALSON, J.—1. The defendant pleaded four pleas, numbered 1, 2, 4 and 5, upon which, and upon the replications to the 4th and 5th, the case was tried. The 1st was the general issue, the 2d, payment, and the 4th and 5th set up an alleged alteration in the note sued

on. The plaintiff moved to strike the fourth plea, which motion was overruled, and he demurred to it, and the 5th plea, which demurrers were overruled.

The alleged alteration set up in the 4th plea was, that after defendant "signed said note sued on, and before it was delivered, the defendant added thereto on the same piece of paper on which the note was written, a memorandum in writing qualifying said instrument in substance as follows: 'subject to a settlement between us; * * * that after said note was delivered to plaintiff, he said plaintiff or his authorized agent, without the knowledge or consent of defendant, altered said note by detaching said memorandum." The words, "subject to a settlement between us," were not a part of the note, but were written separate therefrom, on the same piece of paper. The principle is familiar, that when a contract is reduced to writing, all previous agreements and negotiations between the parties in reference to the subject-matter of the contract are merged in the writing, and in the absence of fraud or mistake are considered as abandoned. *Littlefield v. Falconer,* 2 Ala. 280; *Thomason v. Dill,* 30 Ala. 444; *Clark v. Hart,* 49 Ala. 86. If there remain any unsettled matters between the parties to a note at the time of its execution and delivery, not embraced in it, they may well incorporate in the instrument, a provision to that effect, to limit, in its settlement, the operation of the above rule. The incorporation in a note—after the promise to pay on a specified day the sums named therein—the words, "subject to a settlement between us," plainly enough indicates that there is something unsettled between the parties not included in the note, and which may be brought forward on its settlement, and such words constitute a material part of the note which cannot be stricken by the payee without consent of the maker. If the facts averred in the 4th amended plea are true as alleged,—as will more fully appear hereafter,—they constitute a good defense, and the motion to strike the plea, and the demurrer to it, were properly overruled.

2. The 5th is in form a plea of *non est factum*, averring that the note sued on was not executed by the defendant, or by any one authorized to bind him, because

the plaintiff, "without the knowledge or consent of the defendant, with a fraudulent intent, altered said note by detaching therefrom a material memorandum, which said memorandum was as follows." Here the plea ends. Then follows defendant's affidavit that it is true, of date Aug. 22d, 1895. After this, appear these words: "This note is subject to an adjustment about the number of acres included in the deed from Payne to me. Filed in office, Aug. 25th, 1895. C. C. Kelly, Clerk." The plea did not set out the memorandum, and was subject to the demurrer interposed to it.

3. The plaintiff was thus forced to try on this defective plea. As to the plea, in view of another trial,—if the alleged alteration shall be presented in another and proper form,—it may be well to notice the legal question growing out of the alleged alteration. It is well settled in this court, "that any material alteration, by one not a stranger to the paper, whether injurious or not, avoids the contract as to all parties not consenting. It is enough, that if the instrument were genuine, it would operate differently from the original; or as otherwise expressed, avoidance will result, if the alteration is one which causes the paper to speak a language different in legal effect from that which it originally spoke." *Montgomery v. Crossthwait*, 90 Ala. 553, 570.

If the alleged memorandum had been incorporated in the note at the time it was executed, it is scarcely open to doubt, that it would have been a material part of it, and could not have been stricken or erased by the holder, the maker not consenting, without avoiding the note. As a result of the adjudications on the subject, which appear to us to be sound, we find the following rules stated in the Encyclopædia, touching the removal or addition of memoranda to notes. "A memorandum which is collateral to, or independent of the contract or promise, forms no part of it, whether written on the same paper or not. And the removal of a mere memorandum written on a bill or note, and not constituting any part of the writing, does not amount to a material alteration thereof. A promissory note is not materially altered by writing thereon a memorandum which is purely collateral to and independent of the promise or contract which it contains.

`*.  *  * 'Generally speaking, 'every indorsement or· memorandum attached to a writing, with the knowledge of the parties at the time of its execution,  is as much a part of such writing as if it had been contained in the body of the instrument.    Hence where a note has a memorandum or contract of this kind, which qualifies its terms, written upon or attached to it, the obliteration or· severance  of such  memorandum  or contract is a material alteration of the note."  ·2 Am. & Eng. Ency. Law (2d ed.), pp. 226-227. `

4.    That part of the deposition of the defendant taken orally before the register in the case of himself against plaintiff's intestate, F. M. Payne, pending in the chancery court of Walker,  was  clearly  inadmissible, on objections raised to it by plaintiff. · It was not shown that the witness was examined under oath, nor that the opposite party had the power to cross-examine and was legally called on to do so, which were essential prerequisites to its admissibility.  *Am. U. Tel. Co. v. Daughtery,* 89 Ala. 195; 1 Gr. Ev. § 163.

It is to be observed, that the deposition of plaintiff's testator, F. M. Payne, in said chancery suit, had been introduced by the plaintiff without · objection on the part of defendant.    Whether it was competent evidence, if·it had been objected  to, or whether,  if illegal and admitted without objection, the defendant had the right to rebut it by the introduction of his own deposition taken in said chancery suit, are questions we do not now decide; but as bearing on the question we may refer to *Boykin v. Smith,* 65 Ala. 299; *Miller v. Cannon,* 84 Ala. 59; *Hodges v. Denny,* 86 Ala. 228; *Davidson v. Rothchild,* 49 Ala. 104; *St. Clair v. Orr,* 16 Ohio· St.  220; *Quick v. Brooks,* 29 Iowa 484; *Lacock v. Commonwealth,* 99 Penn. 207; *Neis v. Farquhason,* 37 Pac. Rep. 697; s. c. 9 Wash. 908.

5. The defendant when offered as a witness for himself in this case, was under section 1794 (2765) of the Code incompetent to testify as to any conversation or transaction between himself and plaintiff's intestate, if objection had been made at the time by the plaintiff.  The bill of exception states, that this evidence, which is set out, "was introduced without objection  to any of the

questions which elicited it, or to the answers, but after it was all in, plaintiff moved to exclude it on the ground that it tended to prove a statement or transaction by de-defendant with plaintiff's testator." He was not entitled as a matter of right to have it excluded.—*Billings-lea v. State,* 96 Ala. 126; *McCalman v. State,* Ib. 98.

A ratification of the alteration of an altered instrument by the parties to it will restore it as altered, without new consideration.—1 Am. & Eng. Ency. Law, 521. The statement of the witness, Estes, which the court refused to admit, was shown by the witness to have been made at the request of defendant and plaintiff's testator, that he should make it out and give a copy to each of them, showing the amount due on the note sued on, which statements he made, the one being an exact duplicate of the other, and gave one to each of the parties. This statement contained the credits the plaintiff's intestate allowed. The defendant claimed another credit, in addition to those entered on the note, as shown by said statement, which plaintiff's intestate admitted, and it was then and there entered on the note by the witness at the defendant's request. And at that time—January 23d, 1895—after defendant knew the alleged memorandum had been separated from the note, he paid thereon the sum of $50, which was also entered on the note and in said statement at defendant's request, leaving a balance of $787.53. This paper was merely an incidental and collateral fact, tending to establish the main issue, and was clearly admissible, certainly to show ratification of note after the alleged alteration.—3 Brick. Dig. 439, § 486. If the defendant made payments on said note, after he knew of the alleged separation of said memorandum from the note, this would amount to a ratification of the act, and estop him from setting it up as avoiding the note.—2 Am. & Eng. Ency. Law (2nd ed.), 261, and authorities cited.

6. There was, of course, no room for the general charge requested by plaintiff.

His third charge was properly refused. It did not hypothesize that the past payments referred to were made at a time when defendant had full knowledge or information of the alleged alteration in the note.

[Sullivan, Receiver, Etc. v. Vernon *et al.*]

The remaining charges requested by plaintiff were free from error, and should have been given.

7. The 1st and 2d charges given at the request of defendant were faulty in referring to the jury the question of the materiality of the alleged alteration.—2 Am. & Eng. Ency. Law (2nd ed.) 269.

It is unnecessary to consider the 3d, based on the 5th plea held to be bad.

For the errors indicated, the judgment is reversed and the cause remanded.