# Benton *v.* Clemmons.

## *Trover.*

### (Decided Nov. 19, 1908. 47 South. 582.)

1. *Alteration of Instruments; Effect.*—A material alteration of an instrument, by one not a stranger thereto, renders the instrument void as to all parties not consenting.

2. *Same; Materiality; Test.*—If the interposed matter gives the instrument a different effect from that which it originally had, carrying with it some change in the rights, interests, or obligations of the parties, such alteration is material.

3. *Same; Description of Personalty.*—The instrument altered conveyed, "all of my or our live stock, and all other personal property, also one blue colored mare mule obtained this day from Benton Bros." There was inserted within brackets following this description, these words: "the above described mule is better known as the Preston Barton mule." Held, not a material alteration, and not to render the instrument inadmissible in evidence.

4. *Same; Chattel Mortgages; Rights of Parties.*—The fact that the alteration in the description of the property makes available additional testimony on a contest of the identity of the mortgaged property is not a ground of objection which can be taken advantage of by the mortgagor or his privies.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

Trover by Daniel Clemmons against Jake Benton. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. O. MULKEY and W. R. CHAPMAN, for appellant. The change in the mortgage was not a material change. 2 Cyc. 177; 2 A. & E. Ency. Law, 185; *Payne v. Long,* 121 Ala. 285. There must be a change in the legal identity of the paper.—*Green v. Sneed,* 101 Ala. 205; *White Sewing Machine Co. v. Saxon,* 121 Ala. 399; *Brown v. Johnson,* 127 Ala. 292.

C. D. CARMICHAEL, for appellee. Counsel insist that the change was material in the sense that "That is material which may become material."—*Glover v. Robbins*, 49 Ala. 219; 2 Cyc. 180, sec. e; *Prim v. Hammel*, 134 Ala. 652; *Ala. State Land Co. v. Thompson*, 104 Ala. 570.

McCLELLAN, J.—The action is in trover, for the conversion of a described mule, instituted by appellee against appellant. The undisputed facts are these: On October 10, 1906, one Hudson executed to Benton Bros., a firm of which appellant was member with J. J. Benton, a mortgage to secure indebtedness of $75, due and payable on September 1, 1907. As originally written the mortgage, as presently important, contained these statements of the property thereby conveyed: "All of my or our live stock and all other personal property, also one blue-colored mare mule obtained this day from Benton Bros." The instrument also bears this provision: "All or any of which property they may, either before or after this note mature and for the payment thereof, seize and sell as they deem best, either at public or private sale, and may bid and become the purchasers of any or all property so sold." The mortgage was duly recorded. Hudson traded the mule to one Cullifer, and Cullifer traded the mule to appellee, in whose possession it was, under claim of right, when, after the law day of the mortgage (September 1, 1907), appellant went upon appellee's premises and took possession of and carried away the mule in question. After the law day of the mortgage, and after ascertaining that Hudson had left the country and that he had traded the mule, appellant, preparatory to sending for the animal and to a foreclosure of the mortgage, caused to be written in the blank space, in the form following the quoted description of the mule, and within brackets, these words: "The above-

described mule is better known as the Preston Barton mule." It was undisputably proven that Hudson knew nothing of the insertion of these words and did not consent thereto. It further appears, without controversy, that the Preston Barton mule was in fact the mule that was so sold to Hudson, and also that said mule was the only mule that day sold by Benton Bros., to Hudson. There is no insistence or suggestion that a fraudulent intent colored the act of inserting the quoted words.

As these facts indicate, the appropriation of the mule is undertaken to be justified by the mortgage to the firm of which appellant was a member, and, when that instrument was offered as evidence in support of the stated defense, the court, on seasonable objection, excluded it, upon the ground that it had been, since execution and delivery, altered in a material particular by a party beneficially interested therein. The generally pronounced doctrine prevailing with this court is that a material alteration of an instrument, by one not a stranger thereto, renders such instrument void as to all parties not consenting.—*Montgomery v. Crossthwait,* 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; *Payne v. Long,* 121 Ala. 385, 25 South. 780, and cases therein cited. In the view we take of the status presented by the facts fully stated, the sole question to be now decided is whether the interposition quoted was material; and this inquiry is resolvable, to practical satisfaction, by the application of what we conceive to be the true test, viz: Did the interposed matter make the "instrument speak a language different in legal effect from that which it originally spoke, which carries with it some change in the rights, interests, or obligations of the parties?"—*Montgomery v. Crossthwait,* 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; *Payne v. Long,* 121 Ala. 385, 25 South. 780; note to *Bur-*

gess v. Blake, 86 Am. St. Rep. 86 et seq.; 2 Cyc. pp.
177-179.

A short analysis of the pertinent matter in this in-
strument demonstrates, we think, that the inserted
words were immaterial, as measured by the test stated.
In the first place, the mortgage conveyed in general
terms all the live stock owned by Hudson. The effect
of that general description of the subject of conveyance
established the relation of the parties to the mule in
question. It operated to convey that mule, though parol
evidence might be necessary to specifically designate the
animal or animals embraced in the general description.
Unless inconsistent with this blanket description, any
further description of live stock owned by the mortgagor
would, of course, have no effect to modify or enlarge
the contract in any particular. The obligation assumed
by the mortgagor to pay his stated debt, and, to insure
its payment, the conveyance of all his live stock, includ-
ing the mule in controversy, necessarily prevented the
change made in the instrument from affecting the mort-
gagor's rights and obligations in the premises. In short,
the interposition of the better known description of the
mule but particularized an animal already more gen-
erally described. In the second place, and aside from
the comprehensive description of live stock conveyed by
the mortgage as originally written, the mortgage de-
scribed the mule as being not only of a certain color and
sex, but rendered that more certain, more definite, by
describing such mule to be the one "obtained this day
from Benton Bros.;" and on that day only one mule was
so obtained. Whatever may be said with respect to the
fact that many more mules answered the description of
"blue-colored," no other of that color could answer to the
description of being that day obtained from Benton
Bros., by the mortgagor; and, in view of that fact, along

with the description in color, we have no hesitancy in saying, if a comparison is presently serviceable, that the description interposed is not as definite, not as certain, as that originally incorporated in the instrument. But, be that as it may, the extremest effect the addition made could have had was to describe in a different manner an animal already covered by the mortgage, and under the original terms of which this mule could have been readily selected, even from a lot of more mules of the mentioned color.

It is argued that the added expression operated to make available additional testimony on contest of identity of the mule. To give such insistence the effect urged would be to impute to the mortgagor or his privies a desire, and to afford him or them an undeserved opportunity to accomplish it, to defeat the very object and intention of the instrument; for by it the mortgagor clearly, expressly, intended to convey to the firm, and the firm intended to take by the conveyance, all his live stock. It does not lie with the mortgagor or his privy to seek, with that result, an opportunity to avoid the just consequences of the dealing and the contract evidencing the intention of the parties. Apart from these considerations, we are not prepared to hold that, in a contest of identity of the mule, evidence would not be admissible tracing the mule in ownership or possession from Barton to Benton Bros., and from them to Hudson, and so on through the successive changes. In 2 Cyc., at page 203, with many supporting decisions noted below, this text appears: "Where, however, the change supplies nothing which would not be intended by law without it, or is altogether immaterial, neither changing the legal effect of the instrument, nor operating to perfect an instrument which otherwise would be invalid—as by

merely adding to the description of the identical property—it is not considered material."

For the reasons stated, we hold the change shown by the instrument and attendant facts proven not to have been material. .Hence the mortgage was erroneously excluded on objection of the plaintiff. It was admissible in evidence. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON. C. J., and DOWDELL and ANDERSON, JJ., concur.