(86 South. 392)

GREEN, State Superintendent of Banks, v. HARSH. (6 Div. 945.)

(Supreme Court of Alabama.   Oct. 14, 1920.)

1. Principal and agent ⬤═180—Principal not chargeable with knowledge acquired by agent in agent's business.

A principal is not necessarily chargeable with knowledge acquired by an agent in the transaction of the agent's own business.

2. Bills and notes ⬤═537(6)—Whether plaintiff was a holder in due course held for jury.

In bank's action on note payable to maker's order and delivered by maker to president of the bank and by the president to the bank, where there was evidence that the president, though nominally representing himself and associates as a holding syndicate, was nevertheless carrying out a scheme devised by the officers and directors of the bank directly for its benefit, the question whether the bank was a holder in due course held for the jury.

3. Alteration of instruments ⬤═13—Maker by promise to pay or partial payment after knowledge of material alteration or fraud waives the defense.

If the maker, with knowledge of unauthorized alteration made after its delivery, or with knowledge of fraud, either promises to pay the note or makes a partial payment thereon, he thereby ratifies the alteration and waives the defense.

4. Bills and notes ⬤═113—Maker held estopped from setting up equitable defenses.

If maker by his promise to pay note within a short time induced holder to procure release of note from bank with which it had deposited note as collateral, by payment of its note to such bank, to holder's material prejudice, maker was estopped from setting up equitable defenses in holder's action on note.

5. Bills and notes ⬤═537(4)—Estoppel of maker to set up equitable defenses held jury question.

In action on note defended on ground of fraud and material alteration, question of whether maker was estopped from setting up such defenses by his promise to pay note, inducing holder to procure release from its pledgee, held for jury.

6. Bills and notes ⬤═538(4)—Failure to instruct on rights of holder in due course held error.

In action on note defended on ground of fraud and material alteration, involving issue of whether plaintiff was a holder in due course, failure to instruct that holder in due course of materially altered note could enforce payment according to original tenor, under Code 1907, § 5073, held error.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by D. F. Green, the State Superintendent of Banks, for the Jefferson County

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bank in liquidation, against G. R. Harsh, upon a promissory note. Judgment for the defendant, and plaintiff appeals. Reversed and remanded.

The action is primarily upon a promissory note for $12,500, made by the defendant, payable to his order, and by him indorsed in blank and discounted and acquired in due course of business by the Jefferson County Bank from the original holder.

Beside the four counts declaring directly upon the note there is also a count for money paid by plaintiff for the defendant at his request. The sixth count declares upon the note for a balance of $10,000 as due after a payment by the defendant of $2,500 thereon, and alleges that at the time plaintiff took over bank for liquidation the note in question was held as collateral security by a St. Louis bank for a loan made by it to the Jefferson County Bank; that while so held defendant promised plaintiff that if he would secure release of said note from the claim of the St. Louis bank he would pay the same to plaintiff; that plaintiff thereafter secured its release, and defendant thereupon paid the sum of $2,500 thereon.

The note bears date August 10, 1915, and a special plea sets up the defense that the note was in fact executed at a later day, and its legal effect was substantially changed by stamping upon it the said date after its delivery without the maker's knowledge or consent. Another defense set up is that the note was given for the purchase of 125 shares of the capital stock of the said Jefferson County Bank, and that its execution was procured by the fraudulent representations of the vendor A. E. Jackson, who was at the time president of the Jefferson County Bank, and who was acting for the bank in making sale of said stock, and who also represented the bank in the purchase by it on the same date of defendant's said note, and that said bank was not a purchaser in due course because of the notice it had of said fraud in the sale of the stock.

Coleman, Coleman & Spain, of Birmingham, for appellant.

Under the facts in this case, the bank was a bona fide holder in due course, and the maker cannot defeat recovery on them because of the alleged alteration. 194 Ala. 504, 69 South. 925; 191 Ala. 356, 67 South. 839, L. R. A. 1915F, 1157; 120 Ala. 493, 24 South. 959; 7 Ala. App. 195, 60 South. 942; section 5073, Code 1907. Having made payment and asked indulgence as to the balance due, the maker ratified any alteration, he having knowledge thereof, and cannot set up the same as a defense. 121 Ala. 385, 25 South. 780; 115 Ala. 529, 22 South. 447; 107 Ala. 293, 18 South. 290; 90 Ala. 563, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832. Under the facts in this case the bank cannot be charged with notice of, and is not bound by, fraud of its officer. 12 Ala. 502; 162 Ala. 301, 50 South. 137; 125 Ala. 313, 28 South. 35; 143 Ala. 400, 39 South. 271; 70 Ala. 199; 4 Ala. App. 648, 59 South. 184; 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977; 1 Michie, Banks and Banking, 849 to 856. The benefit or advantage accruing to a promisor constitutes a sufficient consideration. 84 Ala. 570, 3 South. 286, 5 Am. St. Rep. 401; 1 Elliott on Contracts, §§ 203, 250, 3936, and notes.

Johnston & Cocke, of Birmingham, for appellee.

No brief reached the reporter.

SOMERVILLE, J. Upon a survey of the whole evidence, we think the trial judge was fairly justified in submitting to the jury the question of fraud in the procurement of the note sued on, and also the question of material alteration in the note by the first holder's insertion, after its delivery, of a date earlier than the true date, without the maker's knowledge or consent.

Assuming that the jury found for the defendant on one or both of those issues, there arose under the pleadings and evidence several other material questions:

(1) Was the Jefferson County Bank, as purchaser for value of the note, chargeable with notice of either the fraudulent manner of its procurement, or of its material alteration by antedating, so as to destroy the status of the bank as a holder in due course?

(2) If the bank was not, for that reason, a holder in due course, so that the defenses available against the original holder, Jackson, were equally available against the bank, did the defendant nevertheless ratify the alleged alteration in the date by making a partial payment thereon, and promising to pay the balance, after he knew of the alteration?

(3) If those issues were determined against the plaintiff, can the defendant be held bound to pay the note upon a new and independent promise made by him to plaintiff's agent, Crawford, and founded upon a valid consideration, as declared upon in the third and sixth counts of the complaint.

We discuss these several matters in their order:

[1] 1. It is well settled that a principal is not chargeable as a matter of law with knowledge acquired by an agent in the transaction of the agent's own business. H. & B. W. M. Co. v. Haley, F. & M. Co., 174 Ala. 190, 56 South. 726, L. R. A. 1918B, 924.

[2] But we think the testimony in this case, considered in all of its aspects and tendencies, would permit a reasonable inference that, in selling the bank stock to defendant, the vendor Jackson, although nominally representing himself and associates as a holding syndicate, was nevertheless carrying out a scheme devised by the officers and directors

of the bank, directly for its benefit, and that therefore this sale was in effect a sale for and on behalf of the bank itself, and in furtherance of its business, and for its sole benefit and advantage. We conclude, therefore, that this issue, involving the status of the bank as a holder in due course, was properly submitted to the jury.

[3] 2. The principle is well settled by our decisions that if the maker of a note, with knowledge of an unauthorized alteration made after its delivery, either promises to pay the note, or makes a partial payment thereon, he thereby ratifies the alteration and waives the defense. Montgomery v. Crossthwait, 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832; Payne v. Long, 121 Ala. 385, 25 South. 780.

Refused charge A, requested by plaintiff, correctly presented this principle as applicable to the testimony, and its refusal was prejudicial error.

Such a payment or promise would, of course, be a waiver also of the defense of fraud, if made with knowledge of the falsity of the representations which induced plaintiff to purchase the stock; but the testimony has no tendency to show such a knowledge.

[4, 5] 3. If the defendant, being informed that his note had been transferred by the Jefferson County Bank to a St. Louis bank as collateral security, procured its release from that bank and its return to plaintiff through the payment by Crawford, as plaintiff's agent, of $12,500 to the St. Louis bank, upon defendant's promise to take up the note in a short time thereafter, this would have estopped defendant from setting up his defenses to the note, if any material prejudice had resulted to plaintiff by reason of acting upon defendant's promise. The trial judge correctly treated the question as one of estoppel vel non, and thus submitted it to the jury. There was a material conflict in the testimony as to the transaction between defendant and Mr. Crawford; and, moreover, the testimony tended to show that plaintiff would, in any event, have taken up the note from the St. Louis bank in the regular line of his administrative duties, without the inducement of defendant's promise. So the question was one for the jury to determine, and we find no prejudice to plaintiff, with respect thereto, by reason of instructions given or refused.

[6] The Negotiable Instruments Law (Code, § 5073) provides:

"But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

This rule was applied by the Court of Appeals in Bledsoe v. City National Bank, 7 Ala. App. 195, 60 South. 942, and see, also, 8 Corp. Jur. 730, § 1011. In the charge given to the jury by the trial judge ex mero motu, this rule was overlooked and denied. That part of the charge was duly excepted to by defendant, and its giving must be pronounced reversible error.

The assignments of error present several questions upon the admissibility of evidence offered by defendant, which we deem it unnecessary to pass upon, as they may not recur upon another trial.

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes