(102 So. 893)

## ROBERTSON v. CASTELLANO.
### (6 Div. 176.)

(Supreme Court of Alabama. Jan. 22, 1925.)

**1. Alteration of instruments ⚖⇒27(2)—Burden on defendant to show unauthorized material alteration of assignment of property for which notes sued on were given.**

Burden was on defendant not only to show alteration, without plaintiff's authority, of assignment of property, for which notes sued on were given, but that it was so material as to affect validity of instrument.

**2. Bills and notes ⚖⇒517—Delivery of notes solely on condition contended by defendant, held not shown.**

Evidence *held* not to show that notes sued on were delivered solely on condition that plaintiff should execute and deliver new oil lease in lieu of that for which notes were given.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Suit by Emma Castellano against J. T. Robertson and another. Decree for complainant and defendant named appeals. Affirmed.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellant.

The purported conveyance was a nullity, and there should have been a decree for defendant. 39 Cyc. 2013; 8 C. J. 205, 737, § 753; 2 C. J. 1228, 1249; Drury v. Foster, 2 Wall. 24, 17 L. Ed. 780; Wheeler v. Stanley, 50 Mo. 509; Williams v. Neely, 134 F. 1, 67 C. C. A. 171, 69 L. R. A. 235; Fagan v. Hook, 134 Iowa, 381, 105 N. W. 155, 111 N. W. 981; Holt v. Robinson, 21 Ala. 106, 56 Am. Dec. 240.

A. Latady and Robert E. Smith, both of Birmingham, for appellee.

Counsel argue the questions raised, but without citing authorities.

ANDERSON, C. J. [1] This suit, or bill, was to enforce the collection of a certain promissory note, being the last of a series given by appellant to the appellee as the purchase price for a lease or conveyance of certain oil rights, and there was a decree in favor of the complainant. The appellant contends, first, that the conveyance was void and the note was without consideration; and, second, that, as a condition precedent to the execution of the note, it was understood that appellee was to execute to appellant a new and valid assignment to said oil property or rights, and that she has refused or failed to do so. It seems that the appellee executed an assignment duly acknowledged on May 27th, which was to be delivered by her husband to appellant at Wichita Falls, Tex., when the notes were to be given, and, etc.; that before the trade was closed and the notes were delivered, that the appellant and appellee's husband decided that the conveyance, in its then form, was defective and irregular, owing to the fact that the description of the property appeared in the wrong place in the body of the lease or deed, whereby they changed it so as to correct what they considered an error or defect; that the said change being made without the authority of appellee was not binding upon her. In so far as the record informs us, the alteration was one of form and not substance and was not material, and the burden was on the appellant not only to show the alteration, but that it was so material as to affect the validity of the instrument. 2 Cyc. 203; Benton v. Clemmons, 157 Ala. 658, 47 So. 582; Winter v. Pool, 100 Ala. 503, 14 So. 411.

[2] We cannot therefore hold that the assignment was void and not binding on the appellee. Nor are we convinced that the notes were delivered solely upon the condition that appellee was to execute and deliver a new lease. There may have been something said about a new lease, and appellee's husband may have said that she would execute a new one, but the evidence negatives the fact that such a promise, if made, was the sole moving consideration for executing the note, and indicates that appellant was willing to accept the conveyance whether or not and take chances on getting a new one. He accepted the assignment and immediately had it recorded after being advised by his counsel to do so and that it would be of advantage to him in the future. He paid several of the notes and made no demand or request for a new assignment. Indeed, on September 4, 1920 he wrote appellee, exercising the option to turn the property back as a cancellation of the note in question, and nothing was said about desiring or expecting a new assignment. Appellee replied, on September 13th, agreeing to extend payment with the option clause eliminated, but if this was not satisfactory to send her deed to the 2½ acres. Appellant then wrote that the property would be reassigned to her as soon as he could get hold of Mr. Tyler. Letter September 21, 1920, Exhibit 3. Appellee then, on October 26th, wrote appellant, "Please send the deed to the other '2½' acres that naturally comes back to me on your failure to pay note $3,750.50." And it was some time after this, and after a failure to exercise the option of reconveying the 2½ acres and canceling the note, that he advanced the idea or claim that the execution and delivery of the note was conditioned upon an agreement that the appellee was to give him a new conveyance or assignment.

The decree of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes