HOLMES, Judge.
This is a detinue action for the recovery of a mobile home.
Commercial Credit Corporation, the plaintiff, obtained a judgment against the defendants. The defendants on appeal contend that the plaintiff, Commercial Credit Corporation, failed to prove the basic contract document was signed by the defendants or that the document, if signed by the defendants, was not a completed document at the time of their signature. We disagree and affirm.
It is necessary at the outset to give a brief history of the lawsuit. The original complaint was filed in May of 1971. To the complaint, the defendant filed an answer of non detinue and a special plea of non est factum. The matter was tried before the trial judge without a jury. This trial occurred in 1973. The judgment appealed from was entered in June 1976 and submitted to this court on the 4th of April 1977.
As noted above, it is the defendant’s contention that in view of his special plea of non est factum the plaintiff did not meet its burden of proof relative to the signing of the basic contract document and/or the signing of a completed or unaltered document.
Viewing the trial court’s decree with the attendant presumption of correctness, we find the judgment of the trial court is supported by the evidence.
One of the defendant-appellants testified as follows:
“Q Did you sign any papers on or about the 10th of October, 1966, when you made this purchase?
“A Yes, sir.
“Q Charles, I show you here a Retail Installment Contract that has been introduced in evidence and marked as Plaintiff’s Exhibit Number 1, and ask you if you can identify this?
“A It looks like our handwriting.

“Q Now, look here at Plaintiff’s Exhibit 1. Is your signature on that document?
“A Yes, sir.
“Q Is that the document that you signed down there on the occasion that we’re talking about?
“A I guess so.
*300 “Q Is this your mother’s signature up above yours?
“A Right, That’s mine. There’s my mother’s.
“Q All right, Charles Morrissette, that’s your signature?
“A Yes, sir.
“Q Henry Lee Morrissette, is that your brother?
“A Yes, sir.
“Q Is that.his signature?
“A That’s right.
“Q And this Adelle Morrissette, is that your mother?
“A Yes, sir.
“Q And this Dorothy M. Slaughter signed below you, is that your sister?
“A That’s right.
“Q Is that her signature?
“A Yes, sir.
“Q All right, and you say this is the paper y’all signed that day?
“A I guess so, it looks like our signatures.
“MR. TURNER: All right, that’s all.”
This testimony can be viewed as direct evidence that the parties did in fact sign the questioned document. In any event, clearly an inference can be drawn from the quoted testimony that all parties did in fact sign the contract.
Direct evidence is not required by the law, and the trier of facts may indulge all reasonable inferences from the facts shown by the evidence, or which unbiased and rational minds can properly deduce from the facts proved. Southern Ry. Co. v. Gullatt, 158 Ala. 502, 48 So. 472 (1909). See also 9 Ala. Digest Evidence @=>595.
While we do not deem it necessary to this opinion to set out additional evidence regarding the signatures of the parties, we would further note that the testimony of an employee of plaintiff corporation is also supportive of the inference that the document was in fact signed.
Defendants additionally argue through able counsel that the document executed by the parties was not the completed document sued on by the plaintiff. They contend that the instrument was altered subsequent to its execution and that, consequently, they are not bound by the altered terms. We do not find the state of the record to be such that the trial court was bound to conclude that the document had in fact been altered. This is particularly true when viewing the record with the attendant presumption of correctness. See 2A Ala. Digest Appeal & Error @=1008(1).
Moreover, even assuming that the instrument was altered subsequent to its execution, the ruling of the trial court is sustainable. The record discloses that the defendants made at least one payment subsequent to their receipt of the “altered” contract. Payments on an altered instrument with knowledge of the alteration have been held sufficient to constitute ratification of that instrument by the payer. Green v. Harsh, 204 Ala. 520, 86 So. 392 (1920); Payne v. Long, 121 Ala. 385, 25 So. 780 (1899). See also Tit. 7A, § 3-407, Code of Alabama.
Finding no reversible error, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.