607 P.2d 25

**Pearl BLUFFESTONE,
Plaintiff/Appellee,**

**v.**

**Gary ABRAHAMS and Barbara Abrahams, husband and wife; Bert Abrahams and Sylvia Abrahams, husband and wife; and Lee Abrahams, an unmarried man, Defendants/Appellants.**

**No. 2 CA–CIV 3325.**

Court of Appeals of Arizona, Division 2.

Dec. 21, 1979.

Rehearing Denied Jan. 30, 1980.

Review Denied Feb. 26, 1980.

Goldbaum & Goetz, P. C. by Arthur Goldbaum, Tucson, for plaintiff/appellee.

Gaynes & Rockafellow, P. C. by Leighton H. Rockafellow, Tucson, for defendants/appellants.

## OPINION

HOWARD, Judge.

This is a suit on two promissory notes. David and Pearl Bluffestone were husband and wife. Prior to his death in January of 1976, David lent money to the Abrahams in connection with a carwash business. A corporation was eventually formed by the parties known as ABCO Car Washing Company, Inc., (ABCO) and the business was commenced.

After David Bluffestone died, his son-in-law, Alan Gilenko, came to Tucson to help Pearl straighten out her financial affairs. A promissory note of $5,000 was found among David's personal possessions. According to the testimony of Gilenko, this note did not, at the time it was found, have any provision for monthly payments or for attorney's fees. It was signed by Gary

Abrahams. Gilenko added monthly payments to the note and a provision for attorney's fees. Bert and Lee Abrahams[1] then signed the note with knowledge of the alterations to the instrument.

A second note, in the amount of $10,000, was then prepared by Gilenko and signed by Bert and Lee Abrahams. Both notes bore interest at 6% per annum.

It was the position of Lee and Bert Abrahams at trial that they signed the $10,000 note as a corporate obligation of ABCO and therefore were not personally liable.

Gary Abrahams contended that he was not liable on the $5,000 note because it was materially altered without his consent or knowledge. All the Abrahams contended that neither note had a provision for interest or attorney's fees when they signed the notes and that they were thus materially altered.

They also contend the trial court erroneously failed to offset certain sums which they claimed were owed to them by Bluffestone. The trial court awarded Pearl judgment against Lee and Bert Abrahams on both notes and against Gary Abrahams on the $5,000 note.

The $10,000 note does not show that Bert and Lee Abrahams signed in a representative capacity. They are therefore personally obligated. See A.R.S. Sec. 44–2540(B)(1) (U.C.C. Sec. 3–403(2)(a)). There was a conflict in the evidence as to whether Bluffestone owed any money to appellants and we therefore defer to the conclusion reached by the trial court.

■ The testimony of Alan Gilenko and the documentary evidence support a conclusion that the provisions for interest and attorney's fees were not added after Lee and Bert Abrahams had signed the $10,000 note and that the $5,000 note already had a provision for the interest when originally signed by Gary. We therefore affirm the judgment of the trial court against Lee and Bert Abrahams on both notes.

The liability of Gary Abrahams on the $5,000 note presents a more serious problem. The effect of the alteration of the $5,000 promissory note is governed by A.R.S. Sec. 44–2544 (U.C.C. Sec. 3–407) which states:

"A. Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in:

1. The number or relations of the parties; or

2. An incomplete instrument, by completing it otherwise than as authorized; or

3. The writing as signed, by adding to it or by removing any part of it.

B. As against any person other than a subsequent holder in due course:

1. Alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense;

2. No other alteration discharges any party and the instrument may be enforced according to its original tenor, or as to incomplete instruments according to the authority given."

Appellee contends that the evidence shows that the alterations were accomplished with Gary's knowledge and consent. She further contends that Gary's $100 payments on the note after alteration constituted a ratification of the alterations. We do not agree with either contention. Mr. Gilenko's answers to written interrogatories, admitted into evidence show that after David's death, Gilenko had discussions with all of the Abrahams concerning the monies that were due and owing to David. As a result of these discussions Gilenko altered the $5,000 promissory note and prepared the $10,000 note. Gilenko's answers to the interrogatories do not disclose what, if anything, was said to Gary Abrahams about the $5,000 note and its alterations. However, the record shows that Gilenko did

1. Lee is the father of Bert and Gary.

completely discuss the alterations with Bert and Lee Abrahams and the note was changed with the consent and approval of both.

A change made with the consent of the parties to the instrument does not avoid it, but will be binding on the consenting parties in its altered form. A.R.S. Sec. 44–2544(B)(1). Consent to the alteration of an instrument may be implied by the acts of the parties. Cf. *Newport v. Hedges,* 358 S.W.2d 441 (Mo.App.1962). In order to be binding, however, an implication of consent arising from the circumstances must be plain and unambiguous. *United States v. Reinking,* 172 F.Supp. 131 (W.D.Mo.1958); *Walsh v. Hunt,* 120 Cal. 46, 52 P. 115 (1898). We are unable to find anything in the evidence which indicates that Gary Abrahams expressly or impliedly consented to the alterations.

It is also the rule that by making payment of the principal or interest, with knowledge of an alteration, a party is held to ratify the instrument as altered. *Green v. Harsh,* 204 Ala. 520, 86 So. 392 (1920); *Morrissette v. Commercial Credit Corp.,* 345 So.2d 298 (Ala.Civ.App.1977); *Mid-State Homes, Inc. v. Staines,* 161 So.2d 569 (Fla. App.1964); *Mayfield v. Stoops,* 262 S.W.2d 299 (Mo.App.1953); *Clark v. Ellison,* 180 Okl. 630, 71 P.2d 609 (1937). For this rule to be operable mere payment is not enough, there must be a showing of payment with knowledge of the alteration. Direct evidence is not required and the trier of fact may indulge all reasonable inferences from the facts shown by the evidence, or which unbiased and rational minds can properly deduce from the facts proved. *Morrissette v. Commercial Credit Corp.,* supra. The record does not show that the note either before or after alteration was ever in the possession of Gary. He did make a $100 payment on the note after the death of David, but $100 payments had been made on the note before it had been altered. We do not believe the evidence shows Gary made the payment with knowledge of the alteration.

A.R.S. Sec. 44–2544(B)(1) requires that the alteration be both fraudulent and material. *Bank of New Mexico v. Rice,* 78 N.M. 170, 429 P.2d 368 (1967); *Thomas v. Osborn,* 13 Wash.App. 371, 536 P.2d 8 (1975). Fraud requires a dishonest and deceitful purpose to acquire more than one was entitled to under the note as signed by the maker rather than only a misguided purpose. *Thomas v. Osborn,* supra. We believe that the trial court, as the trier of fact, could legitimately have concluded that no fraud was shown, and that Gilenko was merely misguided in not obtaining Gary's consent when the $5,000 note was altered under a mistaken belief that Gary's consent was not necessary as long as the consent of the parties who were adding their names to the note, to-wit, Gary's brother and father, had been obtained.

Because the note was a demand note, prior to its alteration, the trial court was correct in awarding appellee the balance of the principal and interest on the note. However, since the note, prior to its alteration, contained no provision for attorney's fees, none should have been awarded as against Gary Abrahams.

The judgment is modified by striking the award of attorney's fees against Gary Abrahams and Barbara Abrahams, husband and wife. The judgment is affirmed as modified.

RICHMOND, C. J., and HATHAWAY, J., concur.