# WHITE *vs.* HASS.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Alteration of note.*—The alteration of a note after its delivery to the payee, by the erasure of the place at which it was made payable, is presumed to have been made by the payee, and, unless the assent of the maker is proved, renders the note void.

2. *Merger of original consideration in note.*—Although a promissory note, not under seal, may not be a merger of the contract for which it was given ; yet the payee cannot recover on the original consideration, when his recovery on the note is defeated by proof of a material alteration by him, without the assent of the maker, which rendered the note void.

3. *General charge on evidence invading province of jury.*—Whenever there is an inference of fact to be drawn before the plaintiff can recover, a general charge in his favor is an invasion of the province of the jury.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. S. D. HALE.

THIS action was brought by Louis B. Hass, against Robert T. White, and was founded on the defendant's promissory note for $187 88, dated at Clayton, Ala., on the 1st May, 1854, and payable six months after date, to the plaintiff's order. In the first count of the complaint, the note was described as above; the second count contained the additional averment, that it was "payable at the office of plaintiff in New York;" and a third count was added, for goods, wares and merchandise sold and delivered by plaintiff to defendant. The only plea, on which issue was joined, was *non est factum.*

On the trial, as appears from the bill of exceptions, the plaintiff offered in evidence a note which corresponded in date, names and amount with that described in the complaint; but the words "at his office in New York," "as originally contained in said note, were erased therefrom." The plaintiff also read in evidence the protest of the note for non-payment, at Clayton, on the 6th November, 1854; and a letter from defendant to plaintiff, dated May 8th, 1854, which, after acknowledging the receipt of a "bill

of cigars " sold by plaintiff to defendant, proceeded as follows : " The understanding of the payment is incorrect. My understanding of the matter was simply this : that I was to have this bill of cigars bought of you at six months from the time they came to hand. I therefore enclose you open note at the time mentioned, for the reason that we have no facilities in bank, and it would put me to inconvenience to have the same made payable in bank; and you may rest assured that I do not object to have my note payable in bank on the ground that I do not intend paying it punctually, for it shall be met to the day." A postscript was added to this letter, in these words : " At the maturity of this note, send it to some friend of yours, either in Clayton or Eufaula, and you shall have the cash; and inform to *home* sent."

" The plaintiff then examined one Collins as a witness, who testified, that said letter was written by him for defendant, and at his request, and sent to plaintiff; that he also wrote said note which defendant signed; that said note, when signed by defendant, contained the words 'at his office in New York,' which had been erased since its delivery to plaintiff; also, that he (witness) was a merchant; and that an 'open note' meant a note payable at the office of the payee, like the one sued on; and that said note was given for cigars purchased by defendant from plaintiff. The plaintiff then introduced one Petty as a witness, who testified, that the note sued on was sent to him at maturity for collection; that he presented it to defendant for payment; that defendant said, he would pay one hundred dollars in cash on said note, if time was given him, and the balance by the first day of January next thereafter; that he (witness) not being at liberty to act further in the premises, turned the note over to the notary-public by whom it was protested. The plaintiff also proved, that the legal interest of New York was seven per cent.

" This was all the evidence; and thereupon the court charged the jury, that if they believed the evidence, they must find for the plaintiff the amount of said note with

interest;" to which charge the defendant excepted, and which he now assigns as error.

E. C. BULLOCK, for the appellant, cited the following cases : Brown v. Jones, 3 Porter, 420; Davis v. Carlisle, 6 Ala. 513; Oakey v. Wilcox, 3 Howard, 331; Chitty on Bills, 204; Martindale v. Follett, 1 N. H. 95; Whitner v. Frye, 10 Missouri, 348; Newell v. Mayberry, 3 Leigh, 254; Mills v. Starr, 2 Bailey, 359; Master v. Miller, 4 T. R. 320; Powell v. Divett, 15 East, 29; Burchfield v. Moore, 25 Eng. Law and Equity R. 123; Arrison v. Harmstead, 2 Penn. (Barr,) 195.

JAMES L. PUGH, contra, cited Humphreys v. Guillow, 13 N. H. 385; Sutton v. Toomer, 7 Barn. & Cress. 416.

RICE, C. J.—The alteration of the note was material, and appears to have been made after its delivery to the payee. The presumption is, that the alteration was made by him; and it is well settled, that such alteration of a note by the payee, without the assent of the maker, renders the note void. The alteration being shown, and the presumption arising that it was made by the payee, the burden was upon him to prove the assent of the maker to it. If he failed to make that proof, he was not entitled to recover, either upon the note, or under any count founded on the same consideration with the note. For, although the note, not being under seal, may not be a merger of the contract for which it was given; yet, as the note was at first valid, there can be no recovery on the contract, unless the note still continues valid, and is produced in evidence, or proved to have been lost by time or accident. And to allow the payee, after he had designedly made a material alteration in the note, without the assent of the maker, to recover upon the contract for which the note was given, would be to depart from the sound and just principle, that "no one shall be permitted to take the chance of committing a fraud, without running any risk of losing by the event, when it is detected." Master v. Miller, 4 T. R. 329; Martendale v. Follett,

1 N. H. Rep. 95; Chesley v. Frost, *ib.* 145; Humphreys v. Guillow, 13 *ib.* 385; Newell v. Mayberry, 3 Leigh, 250; Davidson v. Cooper, 13 Mees. & Welsby, 342; 1 Greenl. on Ev. § 121.

We will not say, that the facts proved by the evidence in the present case were not sufficient to justify *the inference by the jury*, that the alteration was brought to the knowledge of the defendant; and that, when brought to his knowledge, he assented to it. But the court is not authorized, in such a case, to draw an inference of fact; and without such inference, the facts proved did not warrant the court to declare, as a conclusion of law, that the defendant had assented to the alteration. As his assent is not stated by any witness, nor admitted, the court should have left it to the jury to determine whether or not he had assented to the alteration; and should have charged them, that if they believed he had assented to it, they should find for the plaintiff the amount of the note and interest. But, instead of doing so, the court charged the jury, that if they believed all the evidence, they must find for the plaintiff the amount of the note and interest. In thus charging the court erred, because thereby it took from the jury the determination of the question of fact, whether the defendant had or had not assented to the alteration.

For the error above pointed out, the judgment is reversed, and the cause remanded.