# Glover v. Robbins.

*Action on Promissory Note by Payee against Maker.*

1. *Alteration of note.* — The addition to a promissory note of the words " with interest at four per cent.," made by the payee and principal, without the knowledge or consent of the surety, is a material alteration, and entirely discharges the surety from liability on it.

2. *Judgment on note payable " in specie."* — A judgment on a promissory note dated in October, 1864, and payable "in specie," should be for so many *dollars* only, and not for so many dollars " in gold or silver coin."

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. JAMES Q. SMITH.

[Glover *v.* Robbins.]

Lyon & Jones, for appellant.

Brooks & Modawell, *contra.*

PETERS, J. — This is an action on a promissory note, by the payee against the maker. The note offered in evidence to the jury is in the following words, that is to say : —

" Five years after date, or sooner, should a treaty of peace be ratified between the Confederate States and the United States, we, or either of us, promise to pay, *in specie*, to Josiah Robbins, or order, six thousand five hundred dollars, with interest at four per cent.

|  |  |
|---|---|
| " (Signed) | M. W. Creah. |
| " October 10, 1864. | E. A. Glover. |
| " Witness, *P. D. Forniss.*" | |

The complaint consists of several counts, but the defence involves but a single point ; that is, such an alteration of the note, after it was executed by Glover, as made it void as to him. To raise this question, Glover pleaded *non est factum* in answer to the counts upon the note in its present form. Only Glover is sued in this action ; and the proofs showed that, at the time Glover signed the note, the words " with interest at four per cent." were not a part of it. He signed the note as the surety of Creah. It seems that, after the note was signed by Creah and Glover, in its original shape, it was left with Creah to deliver to Robbins, the payee, in that shape ; but Robbins was unwilling to receive it in that state, and urged that there was a misunderstanding between Creah and himself about the interest that the note should bear. It was then agreed between Creah and Robbins, without any consent or knowledge of Glover, that Forness " might settle the disputed matter of interest ; and Forness thereupon told Robbins that he had decided that the rate of interest upon the note should be four per cent., and walked into a house near by, with the note in his hand, and inserted in the face of the note the words, ' *with interest at the rate of four per cent.*,' and signed his name to the note as a witness." Glover never authorized this alteration to be made, and never assented to it, and knew nothing of it until he was sued.

Very clearly, this was a material alteration of the contract as made and assented to by Glover. He never stipulated to pay interest. The note then offered in evidence was not his contract, and the proof sustains his pleas. The court below ought so to have charged the jury, upon the counts on the note in the form it was offered in evidence. Does this alteration vitiate the note, as a binding contract with Glover, on the

[Glover v. Robbins.]

other counts of the complaint, in which it is described as a note, without the words " with interest at four per cent. ? " I think it does. In a recent case in the Supreme Court of Pennsylvania, a case quite parallel with this, that court declared that such an alteration rendered the note void. The action there, as in this case, was to charge the sureties on a promissory note which had been altered after they had signed it, without their authority or consent, by the maker, who was principal, and the payee, by adding the words, " Interest to be paid semi-annually." The court decide that this alteration discharged the sureties from liability on the note. The language of the court is this: " It seems to be settled, that a voluntary alteration of a bond, note, or other instrument under seal, in a material part, to the prejudice of the obligor or maker, avoids it, unless done with the assent of the parties to be affected by it. 1 Greenl. Ev. § 565 ; *Marshall* v. *Gongler*, 10 S. & R. 164 ; *Barrington et al.* v. *Bank of Washington*, 14 S. & R. 422, 423 ; *Foust* v. *Renno*, 8 Barr, 378 ; *Henning* v. *Werkheiser*, 8 Barr, 518 ; *Smith* v. *Weld*, 2 Barr, 54 ;" *Neff et al.* v. *Horner*, 63 Penn. 327 ; *S. C.* 3 Amer. R. 555, 556 ; *Wood* v. *Steele*, 6 Wall. 80. The principle thus settled is in accordance with our own decisions, from a very early day up to the late Rebellion. *Brown* v. *Jones*, 3 Port. 420 ; *S. C.* 4 Smith Cond. 131 ; *White* v. *Hass*, 32 Ala. 430. See, also, *Miller* v. *Stewart*, 9 Wheat. 680 ; 4 Wash. C. C. R. 26 ; *Crocket* v. *Thomason*, 5 Sneed, 342 ; *Eliason* v. *Henshaw*, 4 Wheat. 228, and numerous cases cited in appellant's brief. The motive with which the alteration is made does not change its effect. The alteration, without the authority or acquiescence of the surety, overturns the contract as to him ; and the party so making the alteration cannot fall back upon the original contract, because that is destroyed by the alteration. *Woodworth* v. *Bank of Amer.* 19 John. 391 ; *Fay* v. *Smith*, 1 Allen, Pa. 477 ; also, 1 Smith's Leading Cas. 1167, and note ; and 32 Ala. 432, *supra*. The charges of the court below were in conflict with these principles, and they cannot be supported. The theory upon which the cases above cited proceeds is, not that the alteration is a fraud, but that it opens the door to fraud, and it is unsafe to relax it. 1 Greenl. Ev. § 565, and cases there cited.

2. The judgment of the court below is also unsupported by authority of law. It is in these words: " It is therefore considered and ordered by the court that the said plaintiff, Josiah Robbins, have and recover of the said defendant, Edwin A. Glover, the said sum of seven thousand five hundred and forty and $\frac{15}{100}$ dollars, in *gold or silver* coin, being the said plaintiff's damages as assessed by the jury aforesaid, or its equivalent in

[Willis *v.* Seavey.]

United States currency; for which execution may issue, to be levied and collected in gold or silver coin, or its *equivalent* in United States currency; and also that the said plaintiff have and recover of said defendant the costs of this suit, for which execution may issue, to be levied in United States currency." The note on which this suit is brought bears date on the 10th day of October, 1864, and it is made payable " in specie." There was no evidence offered to show what was meant by the word *specie.* But as there was no objection made to the verdict, which assessed the damages " in gold or silver coin," it is supposed that this interpretation was put upon this word by both the plaintiff and the defendant. Yet, as the debt was contracted long after the passage of the legal tender acts of Congress, regulating the payment of such contracts, the judgment should have been for so many dollars only, leaving it to be discharged in any legal tender currency or money of the United States. It is presumed that this is the result of the latest construction of the legal tender acts of Congress by the Supreme Court of the United States; and the decisions of that high tribunal, until modified or overruled, constitute the governing rule, and are a part of the paramount law of the land. *Legal Tender Cases (Knox* v. *Lee,* and *Parker* v. *Davis*), 12 Wall. 457; *Banks* v. *Supervisors,* 7 Wall. 26; 12 U. S. Stat. at Large, 345, 532, 709. See, also, *Hepburns* v. *Greswold,* 8 Wall. 605; *Kellogg* v. *Page,* 2 L. Reg. N. S. 1872, p. 618.

The judgment of the court below is reversed, and the cause is remanded.