# Green v. Sneed.

*Action of Detinue by Mortgagee against Mortgagor*

1. *Unauthorized alteration of written instrument.*—Any material alteration of a written instrument after its execution, without the maker's consent, avoids it, and discharges the maker from all obligations depending upon it.

2. *Same; filling blanks in excess of authority.*—Where one of the parties to a written instrument, who is authorized to fill a blank in the instrument in a certain way, or by the insertion of a certain amount, inserts in the blank matters or an amount not covered by the authorization, such alteration is material, and vitiates the instrument as between the original parties thereto, although the alteration was not made with a fraudulent intent.

[Green v. Sneed.]

APPEAL from Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

John H. Sneed sued Andrew H. Green in detinue for the possession of certain personal property, to which he claimed title under and by virtue of a mortgage executed by the defendant, the law day of which had passed. The defendant's testimony showed that the plaintiff had filled a blank in the mortgage by inserting a larger amount than that agreed on by the parties and contemplated by the defendant, when he authorized the plaintiff to fill in the blank. On the trial of the cause there was a verdict for the defendant; but on motion of the plaintiff for a new trial, the court set aside the judgment, and granted a new trial, on the ground that the verdict was contrary to the evidence.

To the ruling of the court annulling the judgment and granting a new trial the defendant duly excepted, and now brings this appeal, and assigns such ruling as error.

BROWN & STREET, for appellant.—(1.) A material alteration of an instrument to the prejudice of the obligor avoids it unless done with his express or implied consent.—*Glover v. Robbins*, 49 Ala. 219; *Lamar v. Brown*, 56 Ala. 157; *Toomer v. Rutland*, 57 Ala. 379; 1 Rand. Com. Paper, § 187. (2.) The same rule applies to the filling of blanks in a manner not authorized by the maker.—*Toomer v. Rutland*, 57 Ala. 379; 1 Rand. Com. Paper, §§ 181-187. (3.) The motive with which the change is made or the unauthorized filling of the blanks done is immaterial. It is not because such is a fraud *per se*, but because a contrary rule would open too great a door for fraud.—*Toomer v. Rutland*, 57 Ala. 379; *Glover, v. Robbins*, 49 Ala. 219.

LUSK & BELL, *contra*.

McCLELLAN, J.—The evidence is free from conflict that Sneed was authorized to fill the blank left in the mortgage executed by Green to him, by inserting therein the amount of the former's debt against the latter, after deducting therefrom the proceeds of certain two bales of cotton, and adding thereto the costs of a former suit between the parties. There is conflict in the testimony as to whether the mortgagee also had authority to add

[Green v. Sneed.]

to the debt and costs attorney's fees incurred by him in the former suit, and insert the aggregate of all these items in the blank space left in the instrument. For the purposes of this appeal, however, it will be conceded that the mortgagee was authorized to include and insert as a part of the amount intended to be secured the sum paid his attorney for services in the previous litigation. A satisfying preponderance of the evidence fixes the amount of the debt balance at one hundred and twenty-five ($125) dollars. It was shown without conflict that the attorney's fee in question was $18, and the costs of the former suit amounted to $8.65. The total of these sums is one hundred, fifty-one and 65–100 dollars. The balance of the debt which the mortgagee *claimed* to be due was $138.24. Adding to this the attorney's fee and court costs, the total is $164.89. No phase or tendency of the evidence shows a greater total than this, and this sum, $164.89, on the aspects of the testimony most favorable to the plaintiff, marks the extremest limit of the amount he was authorized to insert in the instrument. The amount actually inserted by or for him was $167.10; $2.21 in excess of his authority, if the evidence in his own behalf is to be taken as true, and $15.45 in excess of the amount which, according to a preponderance of the testimony, he was authorized to insert in the blank.

The general proposition that any material alteration of an instrument after its execution, without the maker's consent, avoids it and discharges him from all obligation depending upon it is not controverted in this case.— *Montgomery v. Crossthwait,* 90 Ala. 553, 8 So. Rep. 498; *Anderson v. Bellinger,* 87 Ala. 334, 6 So. Rep. 82. Nor can it be doubted in principle or upon authority that a material and, as between the original parties to the instrument, vitiating alteration may consist in the filling of a blank, which the promisee is authorized to fill in a certain way, by the insertion therein of matter not covered by the authorization.—1 Am. & Eng. Encyc. of Law, p. 518; *Toomer v. Rutland,* 57 Ala. 379. And as any change of the amount intended to be evidenced by a writing, whereby it becomes nominally a promise to pay either a greater or less sum than that originally expressed is a material, and, therefore, vitiating alteration (1 Amer. & Eng. Encyc. of Law, p. 508), so, in princi-

ple, where the amount is left blank and the promisee is authorized to insert a given sum, or the true aggregate of several specified items, the respective amounts of which are fixed but not at the time known to the parties, and he inserts a different amount, as here, in excess of the true aggregate of all the items intended to be embraced, the like vitiating consequences must ensue.

The court below confined the application of these principles to cases in which the alteration is made with a fraudulent intent, and, finding no such intent to have actuated the plaintiff in this instance, held that the mortgage was a valid security for the amount really due, notwithstanding a different and excessive amount had been inserted in it. The distinction is not well taken. The question of intent is not involved. As is well said by counsel : "The motive with which the change is made, or the unauthorized filling of the blank is done, is not material. It is not because the thing done is actual fraud, but because a contrary rule would open too great a door for fraud," and because, we may add, that the alteration changes the legal identity of the paper and causes it to speak a language differing in legal effect from that which it originally spoke, a result which would ensue however pure the intent with which the alteration was made, that the law holds the instrument, as between the original parties and those nominally acquiring rights under it with notice of the alteration, to be null and void for all purposes.—1 Am. & Eng. Encyc. of Law, pp. 518, 520 ; *Glover v. Robbins,* 49 Ala. 219 ; *Toomer v. Rutland,* 57 Ala. 379 ; *Montgomery v. Crossthwait,* 90 Ala. 573 ; 8 So. Rep. 498.

Where the alteration or unauthorized filling of blanks is free from all covinous intent, the result of an honest mistake or miscalculation, it may be that the promisee can recover on the original consideration : he certainly could not do even this if he made or consented to the change for any fraudulent purpose—1 Amer. & Eng. Encyc. of Law, p. 526 ; *White v. Haas,* 32 Ala. 430—but here the action is not on the original consideration for which the mortgage was executed, but the right of recovery, the title asserted by the plaintiff in this action of detinue, depends upon the validity of the paper itself, which in legal contemplation ceased to be the instrument which the defendant executed the moment it was

[Moog et ux v. Barrow et al.]

altered as shown by the uncontroverted evidence, and its emasculation is none the less complete because of the absence of evil intent on the part of the plaintiff in committing the act which destroyed it.

The evidence not only authorized the jury to find for the defendant, but it showed, without conflict or room for adverse inference, that the muniment of title upon which the plaintiff relied for recovery was utterly infirm and invalid, and hence the jury could not have found other than they did under the law of the case.

It is clear that the trial court erred in setting aside the verdict and granting a new trial. The judgment to that effect is reversed and annulled, the motion for new trial is overruled and denied, and the verdict and judgment for defendant as returned and rendered in the court below is left in full force.

Reversed and rendered.