165 So. 759

## JOHNSON v. REED.

### 6 Div. 864.

Supreme Court of Alabama.
Feb. 13, 1936.

J. A. Estes, of Bessemer, for appellant.

Huey, Welch & Stone, of Bessemer, for appellee.

BOULDIN, Justice.

The bill was filed to cancel a mortgage upon real estate, a foreclosure deed thereunder, and incidentally to enjoin a suit in ejectment pending the bill. In the alternative, an accounting and redemption was sought.

The facts alleged in pleadings, and to which complainant's evidence was directed, so far as deemed important, may be summarized as follows:

On and prior to July 29, 1926, complainant, Mary E. Johnson, and her husband, Clinton W. Johnson, owned a lot in Bessemer, on which they purposed to build a residence. On above date, the husband, whether with or without the consent of the wife being in dispute, contracted with H. C. Kyzer, doing business under the name of Highland Lumber & Construction Company, to build the house, furnishing labor and material, at a contract price of $2,100.

This obligation was to be paid in small monthly installments. Accordingly, both husband and wife executed to said company 100 promissory notes for $35 each, payable monthly, secured by mortgage on the property. These notes, aggregating $3,500, were to cover the contract price of $2,100 and $1,400 interest charge, included in the face of the notes, being, by calculation, the equivalent of 16 per cent. per annum for the average time the payment of principal was deferred.

On August 23, 1926, before the first note matured, the construction company sold these securities to respondent, W. A. Reed, at and for the sum of $2,625, paid $2,000 of that date, and $625 on August 28th. The mortgage was duly assigned, and the notes indorsed without recourse.

The notes, according to complainant's evidence, expressly stipulated with "interest after maturity." The mortgage stipulated for interest from date.

Later, and before payments began on the notes, the words "after maturity" appeared stricken from the notes by pencil mark drawn over same, and "8%" inserted in ink, thus making the notes to read "with interest 8%." This was a material alteration. If made by or with the knowledge and approval of the indorsee, without the consent of the makers, the notes were vitiated, and with them the mortgage as part of the same contract. The trial court found, and we think his finding supported by the evidence, that this alteration was made after the notes passed into the hands of the indorsee. Admittedly he inserted "8%," but this would not alter the legal effect, if in fact the words "after maturity" were stricken before execution. It appears clear enough that it was not intended that the notes carry interest from date as between the original parties. This would burden the makers with a further interest charge of some $1,100 on an original debt of $2,100.

If the indorsee purchased believing the mortgage was controlling and the notes were altered with a view to harmonize the documents, this would not eliminate the vitiating effect of such alterations. The law puts a ban on tampering with written documents by material alterations, giving a different legal effect thereto without consent of the maker. Toomer, Sykes and Billups v. Rutland et al., 57 Ala. 379, 385, 29 Am.Rep. 722.

Without detailed discussion we agree there was no ratification of the alteration of these notes defeating complainant's right to raise the issue now.

The trial court held the original notes were infected with usury. We think the evidence sustains this finding. The further finding that the holder had made material alterations vitiating notes and mortgage negatived any status of the indorsee as a bona fide holder of commercial paper in due course, free from the defense of usury, as well vitiating the foreclosure.

It follows there was error in decreeing respondent Reed entitled to reimbursement for the full sum of $2,625, the amount paid for the securities. He stands, at best, in the shoes of the original payee on the question of usury. Payment of principal only is the requirement of the law. This rule now applies in equity as well as at law. Code, § 8567; Davis et al. v. Elba Bank & Trust Co. et al., 216 Ala. 632, 114 So. 211.

Admittedly complainant paid 51 of the notes, principal and interest, aggre-

gating $2,150.45. This covered the principal of the original indebtedness as decreed by the court. It is therefore wholly immaterial whether in the first instance the wife was merely surety for the husband for the debt incurred to improve their joint property.

The court further found, and correctly so, that the respondent, Reed, paid the taxes on the property for several successive years, aggregating $201.43, and insurance premiums $43.38. It was stipulated in the mortgage that such sums should become part of the mortgage debt. As to taxes, payment relieved the property of a burden imposed by law to the benefit of complainant. They were properly allowed as part of the amount equitably due to be refunded to respondent.

The principal of the mortgage debt was therefore $2,100, the contract price, plus $201.43, taxes, and $43.38, insurance premiums paid by mortgagee, total $2,344.81. Deducting $2,150.45 paid by complainant, leaves $194.36 the amount complainant is in equity due to pay in full satisfaction of the indebtedness.

The decree appealed from will be here modified so as to reduce the sum complainant is due to pay from $719.36 to $194.36, with interest from July 5, 1935, the date of the decree below.

The decree is further modified, touching time and conditions of payment, so as to provide: Upon payment into court of the sum above decreed, for the use of respondent, within ninety days from the date of this decree, the unpaid notes, the mortgage, and foreclosure deed shall be delivered to the register to be surrendered to complainant, and the register shall enter a cancellation of said mortgage and deed upon the records of same in the office of the judge of probate. If complainant shall default in payment of said sum, respondent, W. A. Reed, is hereby decreed an equitable lien on such property for the sum so decreed enforceable by sale thereof made by the register as in cases of foreclosure sales in equity. Let the appellee pay the costs of appeal. As thus modified, the decree is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.