109 So.2d 838

**A. C. LAYFIELD**

v.

**Donald C. LEWIS et ux.**

6 Div. 186.

Supreme Court of Alabama.

July 24, 1958.

Rehearing Denied March 19, 1959.

668

Edw. T. Rice, Birmingham, for appellant.

Earl McBee, Birmingham, for appellees.

SIMPSON, Justice.

Bill in equity to restrain a mortgage foreclosure and for other relief.

This controversy arose out of the sale of a farm, farm equipment, and livestock. A brief summary of the evidence and the reasonable inferences therefrom show that Layfield, appellant and cross-appellee, authorized one Self, real estate broker, to sell his farm, equipment and livestock. The Lewises, appellees and cross-appellants, were contacted by Self. From negotiations leading up to the sale it appears that the Lewises agreed to pay the sum of $8,500; $250 of said amount was to be paid as earnest money; $1,000 was to be paid on closing; and $7,250, the balance, was to be

paid in installments of $30 each month until the full amount was paid. Self, the broker, prepared a contract of sale for the parties. While it appears that nothing had been said with respect to the payment of interest by the Lewises, Self included in the contract a provision for the payment of interest in the amount of 6%. When the Lewises read the contract they instructed Self that they would not agree to the payment of 6% interest in that they would be "getting in debt" in the amount of $6 or $7 each month if 6% interest was charged. Self told Layfield that the interest was too high, whereupon Layfield directed him to "cut it in half". The parties then signed the contract which in part reads as follows: "Balance $7,250.00 to be paid at $30.00 per month at 3% interest".

Layfield executed and delivered a conveyance of the property to the Lewises; a promissory note payable to Layfield and a mortgage to secure such note were prepared by Self, signed by the Lewises and delivered to Layfield. The note and mortgage as exhibited provided for installment payments at the rate of $30 a month, "plus interest". The trial court found that the note and mortgage were altered so as to provide for the "plus interest" recital after they were executed and without the knowledge of the Lewises, and therefore declared them unenforceable, but held the complainants to be liable to pay $30 per month plus 3% interest on the original debt.

■ ■ The testimony with respect to the alteration was conflicting; it was heard ore tenus by the trial court, the court's conclusions on the facts are not contrary to the great weight of the evidence, and we will therefore sustain them. Turner v. Johnson, 246 Ala. 114, 19 So.2d 397; Hollingsworth v. Rutledge, 236 Ala. 497, 183 So. 656.

The Lewises, cross-appellants, urge error on the part of the trial court in allowing Layfield to recover anything on the original indebtedness, because of the alteration.

■ It is clear that a material and fraudulent alteration by the payee of a note given for a debt which debt exists independently of the note will vitiate the note and preclude the payee from any recovery against the maker on the original consideration. White v. Hass, 32 Ala. 430; Green v. Sneed, 101 Ala. 205, 13 So. 277; Joyce, "Defenses to Commercial Paper", §§ 270, 271; 127 A.L.R. 343.

■ It is also clear that a fraudulent and material alteration of a mortgage by the mortgagee will destroy the lien thereby created upon the property described therein. Blackwood v. Gurley, 219 Ala. 21, 121 So. 76; 2 Am.Jur., Alteration of Instruments, § 37; 1 Glenn, "On Mortgages", § 49.

■ When, however, the instrument is materially altered after execution, without consent of all the parties but with no fraudulent intent, and for the purpose of making it express the actual agreement and understanding of the parties, the instrument is invalidated but recovery on the original consideration or debt is not defeated. Joyce, "Defenses to Commercial Paper", §§ 290, 291, 297; 6 Williston, "Contracts", p. 5350, § 1911; 18 Harv.L.Rev. 105, 165; 1 Glenn, "Mortgages", § 49; 3 C.J.S., Alteration of Instruments, §§ 10, 51; 2 Am.Jur., Alteration of Instruments, §§ 18, 36; 73 A.L.R. 652, 657(a); 127 A.L.R. 343, 345; Johnson v. Reed, 231 Ala. 525, 165 So. 759; Green v. Sneed, supra; Montgomery R. R. v. Hurst, 9 Ala. 513; see also Montgomery v. Crossthwait, 90 Ala. 553, 8 So. 498; E. E. Yarbrough Turpentine Co. v. Taylor, 198 Ala. 202, 73 So. 458; and Whitewater Lumber Co. v. Langford, 216 Ala. 510, 113 So. 525, where the court considered evidence aliunde tending to show that the alteration of the instrument was for the purpose of expressing the agreed purposes and objects of the parties.

■ Upon a careful review of the entire record, we conclude that the alteration was made without fraudulent intent but for the purpose of making the note and mortgage express the original intention of the parties and that the trial court ruled correctly

in impliedly so holding by decreeing that complainants were liable to pay the original indebtedness.

In Johnson v. Reed, supra, certain notes secured by a mortgage were materially altered without the consent of the maker and with a view to harmonizing the documents; no fraudulent intent appeared. This court held that such alteration vitiated the documents, but the court allowed recovery on the original indebtedness and granted an equitable lien to enforce the debt.

■ The trial court correctly vacated and set aside the foreclosure deed. It not only clearly appears from the evidence that the note and mortgage were not in default but also that material alterations were made in them which, as observed supra, invalidated them. The debt only survived. Johnson v. Reed and authorities, supra. So here we think the decree should be so modified to grant respondent an equitable lien on the property to enforce collection of the balance of the debt as was decreed in the Johnson v. Reed case.

■ Complainants Lewises sought damages for conversion of certain farm equipment and an accounting as to rents, profits, use and occupation; the sum of $150 was awarded by the trial court. Such sum is urged to be inadequate by the Lewises as cross-appellants. A detailed recital of the evidence on these issues would serve no useful purpose. The trial court's conclusion thereon finds support, however, in that testimony tending to show that all of the property, with minor exceptions, is still on the farm; that set-offs exist in favor of Layfield; that at the time of the sale the property was rusting and permitted to remain in the weather; the house had no plumbing and that water had to be obtained from a well located 200 feet from the house. We are, therefore, unwilling to disturb the amount awarded by the trial court as being contrary to the great weight of the evidence. Authorities, supra.

The decree of the trial court is affirmed excepting that should the Lewises default in the payment, which sum is payable in the manner prescribed by the trial court in its decree, Layfield is hereby decreed an equitable lien on the property enforceable by sale thereof made by the register as in cases of foreclosure sales in equity. Johnson v. Reed, supra; Wilson et al. v. Kirkland, 172 Ala. 72, 55 So. 174; 3 C.J.S., Alteration of Instruments, § 12; authorities, supra.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.

On Rehearing

SIMPSON, Justice.

■ From an unfavorable decree the respondent in the lower court appealed and the complainant cross-appealed; the decree of the lower court was modified and affirmed by this Court. In answer to the question raised by appellant on rehearing, we conclude that each party pay his own costs of the appeal. See Adams v. Whitehead, 234 Ala. 389, 175 So. 356; Clark v. Glenn, 249 Ala. 342, 31 So.2d 507; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463; 20 C.J.S.Costs §§ 319, 322; 14 Am.Jur., §§ 91, 98.

■ In support of his application for rehearing, counsel for appellees has included in his brief an affidavit by Donald C. Lewis, one of the appellees, reciting events which are not included in the record and which have transpired since the rendition of the opinion. Manifestly, such matters can not be considered by this Court. Christian v. Reed, 265 Ala. 533, 92 So.2d 881; White v. State, 262 Ala. 694, 81 So.2d 267; Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633; Ward v. Torian, 216 Ala. 288, 112 So. 815.

In the opinion in chief the decree of the lower court was inadvertently and erroneously referred to as requiring appellees to pay to appellant the sum of "$30.00 per month *plus* 3% interest on the original debt". The lower court in fact held that

appellees should pay to the appellant the sum of $30 per month, which sum includes interest at the rate of 3%. Appellees, on rehearing, point out the above and suggest that the opinion of this Court, based upon a misunderstanding of the decree of the lower court, was founded in error. The misquoting of the lower court's decree was, as heretofore observed, the result of inadvertence and not the result of a misunderstanding of the decree itself. For purposes of clarity, however, we reaffirm our ruling that there was no error on the part of the trial court in enforcing the original terms of the altered instrument, that is, the terms of the instrument prior to the alteration wherein the appellees are required to pay to the appellant the sum of $30 per month, which sum includes interest at the rate of 3%. Authorities, *supra*.

To the extent mentioned our original opinion is corrected and the application for rehearing is overruled.

So ordered.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, and COLEMAN, JJ., concur.