133 So.2d 876

**BIRMINGHAM FIRE & CASUALTY COMPANY**

v.

**Donald C. LEWIS et al.**

6 Div. 584.

Supreme Court of Alabama.

Sept. 21, 1961.

Rehearing Denied Nov. 16, 1961.

Mead & Norman and Emmett R. Cox, Birmingham, for appellant.

Earl McBee, Birmingham, for appellees.

LAWSON, Justice.

In 1954 Donald C. Lewis and wife bought a farm, farm equipment and livestock from A. C. Layfield.

The Lewises made a down payment and executed a note to Layfield for the balance. The Lewises also executed a purchase. money mortgage to Layfield to secure the payment of the note.

Layfield remained in possession of the property and refused to deliver posses-sion when demand therefor was made by the Lewises.

Later Layfield claimed that the Lewises were in default in the payment of the debt secured by the mortgage and had the mortgage foreclosed.

The Lewises, on June 18, 1956, filed a bill in the Circuit Court of Jefferson County, in Equity, against Layfield. The bill was amended on May 7, 1957. The cause was given Circuit Court No. 102–686.

In their amended bill the Lewises alleged, among other things, that the mortgage was not in default at time of foreclosure; that the note and mortgage were fraudulently altered by Layfield after delivery to him.

The Lewises in their amended bill prayed that the court decree: (1) that the note and mortgage are invalid because of the fraudulent alterations and asked the court to enjoin their transfer; (2) that the mortgage foreclosure proceedings, including the foreclosure deed, are invalid. There was also a prayer for a writ of assistance and for delivery of the personal property to the Lewises and for damages for conversion and detention of the personal property and for use and occupation of the real property.

Layfield filed an answer and cross-bill wherein he prayed for an equitable lien on the real property to secure the balance due on the purchase price.

On June 26, 1957, a final decree was entered wherein the trial court (1) deleted from the note and mortgage the provisions which it found Layfield had inserted without the knowledge of the Lewises; (2) declared that the lien contained in the mortgage was unenforceable; (3) enjoined Layfield from transferring or assigning the mortgage on the representation that it was security for the property therein described; (4) vacated and set aside the mortgage foreclosure and cancelled of record the foreclosure deed; (5) permanently enjoined Layfield from fore-

:closing or attempting to foreclose on the property described in the mortgage; (6) awarded the Lewises the sum of $150 as damages; (7) divested Layfield of all right, title or interest in the suit property; (8) ordered Layfield to surrender forthwith the possession of the property to the Lewises; (9) taxed costs against Layfield.

No relief was awarded to Layfield under his cross-bill.

Layfield appealed to this court. He filed a bond to secure the costs of appeal and a supersedeas bond on July 3, 1957. By virtue of the supersedeas bond Layfield remained in possession of the property.

The cause was submitted here on December 4, 1957. There were cross-assignments of error by the Lewises.

On July 24, 1958, we affirmed the final decree of the Circuit Court in all respects except to decree that Layfield had an equitable lien on the property to secure the balance due on the purchase price. The Lewises filed an application for rehearing on August 6, 1958. On March 19, 1959, we overruled the application for rehearing after correcting the original opinion in a respect not here material. Layfield v. Lewis, 268 Ala. 666, 109 So.2d 838.

Layfield remained in possession of the property until August 2, 1958, at which time he removed the Layfield family belongings from the farm.

During the late hours of August 2 or the early hours of August 3, 1958, the dwelling on the farm was completely destroyed by fire. The Lewises were never in possession of the dwelling.

On May 26, 1959, the Lewises filed in the Circuit Court of Jefferson County, in Equity, a bill which they have designated as an "Original Bill in the Nature of a Supplemental Bill and to Enforce Decree in Cause No. 102–686."

A. C. Layfield, Bankers Fire & Marine Insurance Company, and Birmingham Fire & Casualty Company were made respondents.

As to respondent Layfield, the bill filed on May 26, 1959, relates the facts and circumstances connected with the previous litigation between the Lewises and Layfield which culminated in our opinion and decree in Layfield v. Lewis, supra.

In addition, that bill alleged in regard to Layfield that he had not surrendered possession of the property to the Lewises, who are prevented from taking possession because of threats made on behalf of and instigated by Layfield and that the Lewises will not be able to take possession of the property unless aided by an appropriate writ to be executed by the Sheriff of Jefferson County.

The bill also alleges that Layfield is due to account to the Lewises for the rental value of the property involved and there is a claim for the reasonable market value of the personal property not recovered by the Lewises.

The bill also claims from Layfield the difference in the market value of the house which was burned and the amount of insurance recovered by or for the benefit of the Lewises by reason of its destruction by fire and further avers that the loss by fire was proximately caused by the wrongful or negligent conduct of Layfield.

It is alleged in the bill that the Lewises have paid to the Register all accrued installments due on the lien.

It is also alleged that there is a conspiracy between Layfield and his kinsmen to threaten the Lewises with bodily harm or injury so as to deprive them from the enjoyment of their property and that Layfield has created resentment in the neighborhood by spreading false statements charging the Lewises with wrongdoing.

As to the respondent Layfield the bill prays for the following relief:

(1) A writ of assistance or other appropriate writ to enforce the decree in the

cause given Circuit Court No. 102–686 as modified by this court;

(2) A temporary injunction or restraining order enjoining and restraining Layfield from interfering with the possession, use and enjoyment of the property by the Lewises;

(3) A decree against Layfield in favor of complainants for damages:

(a) For use or occupation or reasonable rental value of the real and personal property in a total sum of $1,600;

(b) The reasonable market value of the items of personal property not recovered or delivered to complainants;

(c) The difference between the market value of the destroyed farm house and the net amount of insurance recovered by or for the benefit of the Lewises;

(4) That the amount so decreed be set off against the balance due on the lien.

In regard to the respondent Bankers Fire & Marine Insurance Company, the bill filed on May 26, 1959, alleges that on April 4, 1958, while the appeal in the case of Layfield v. Lewis, supra, was pending in this court, the Bankers Fire & Marine Insurance Company insured the dwelling house which was destroyed by fire on or about August 2, 1958, against loss or injury by fire for a term of one year in the amount of $4,000, which policy of insurance was issued to the Lewises and did by its terms insure their interest in the dwelling house.

The bill prays in regard to the respondent Bankers Fire & Marine Insurance Company that the court render: "A decree in favor of complainants against respondent Bankers Fire & Marine Insurance Company in the sum of four thousand dollars for their exclusive benefit on account of said policy of insurance issued by said company to complainants."

Relative to the respondent Birmingham Fire & Casualty Company, the bill filed on May 26, 1959, alleges that while the appeal in the case of Layfield v. Lewis, supra, was pending in this court and on the 15th day of February, 1958, the said company insured the dwelling house on the farm against loss or injury by fire for a term of one year in the amount of $4,000, which policy of insurance was issued to the respondent Layfield and did by its terms insure the interest of said respondent in said dwelling house. It is further alleged as follows: " * * * that, as provided in said final decree referred to above [the decree of the Circuit Court in the case of Layfield v. Lewis], at the time said policy was issued the said respondent Layfield owned no interest in said dwelling house, but at the time of said loss said respondent had a lien upon the farm as provided in the said decree as modified and affirmed by the Alabama Supreme Court."

The only special prayer which could relate to the respondent Birmingham Fire & Casualty Company reads:

"4. That any amount recovered by respondent Layfield on account of insurance on said destroyed farm house be credited to complainants on account of said lien on first maturing installments."

The respondents filed separate demurrers, which were overruled on April 19, 1960.

On May 6, 1960, the trial court, *ex mero motu*, set aside its decree of April 19th and rendered a decree overruling the separate demurrers of Birmingham Fire & Casualty Company and Bankers Fire & Marine Insurance Company.

No action was taken on the separate demurrers filed by Layfield. We note that Layfield answered on May 6, 1960. As far as this record discloses there was no ruling of which Layfield could complain at the time this appeal was taken and he has not attempted to appeal.

Birmingham Fire & Casualty Company has appealed from the decree of May 6, 1960. Bankers Fire & Marine Company apparently did not appeal from that decree.

For the purpose of this appeal we will consider that the Lewises have correctly termed their bill an original bill in the nature of a supplemental bill, since it seeks to bring before the court new parties and new interests after final decree. Bartee v. Matthews, 212 Ala. 667, 103 So. 874.

In Patton v. Darden, 227 Ala. 129, 148 So. 806, we said in effect that the case of Bowie v. Minter, 2 Ala. 406, said that such a bill was a supplemental bill rather than an original bill in the nature of a supplemental bill. That statement is incorrect.

But irrespective of the name by which the bill should be called it is, in our opinion, devoid of equity as against the appellant, Birmingham Fire & Casualty Company.

 The bill must be construed as showing that the Lewises had no participation or agency in procuring the policy issued by appellant to Layfield and that the latter, not the Lewises, paid the premium on that policy.

 It follows that any payment made by appellant to Layfield because of the destruction of the dwelling by fire would not inure to the benefit of the Lewises. Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222. In the case just cited it was said in part as follows:

"There are cases in the books where persons having only a lien on property to secure the payment of money due them, have, with their own means and in their own names, taken insurance on such property, the lienor having no participation or agency in procuring the insurance, and not being in any manner provided for in the policy. Property insurance being only a contract of indemnity personal to the assured, it is held that destruction of the property and payment of the loss does not inure to the benefit of the debtor who has pledged the security. It leaves the debt still subsisting, unaffected by the payment of the loss.

The reasons assigned are, that the debtor paid nothing for the insurance, did not solicit it, and the policy makes no provision for his indemnification. In such cases, the debt remains in full force and collectable, the same as if nothing had been paid on the policy. (Cases cited.) It cannot be denied, however, that in cases of this character, the creditor realizes double satisfaction,—a result somewhat opposed to sound, commercial morality.

"Another principle, however, is gaining foothold, which may be considered the natural outgrowth of the seeming hardship of the double satisfaction mentioned above. It recognizes the fact that the two interests, such as that of mortgagor or lienor on the one side, and mortgagee or lienee on the other, and all kindred relations, are each separately insurable. It treats the insurance obtained on property thus held, when there are no stipulations to the contrary, as simply an insurance of the interest of the party who obtains the policy, and in no broader sense an insurance of the property. Hence, when one holding property in mortgage, pledge, or hypothecation, as security merely, obtains insurance upon it, he simply strengthens his security, and obtains indemnity against its impairment by the casualty insured against. The insurer in such case is held to be a guarantor, or indemnifier of the insured, that the debt or duty shall not become lost or forfeit, by the destruction of the security or pledge. If the debt be paid, or duty performed, then even a destruction of the property insured gives no right of action against the insurer. And if, in case of fire, the insurer indemnifies the assured by paying the loss, such insurer thereby becomes subrogated to the rights of the creditor or lienee against the debtor, and may compel payment, in reimbursement of the loss it had paid

**690**

\* \* \*." 81 Ala. 323–324, 8 So. 223.

The Lewises, in our opinion, have failed to allege facts sufficient to show that they are entitled to any relief against appellant in a court of equity. The allegations that Layfield may have a claim against appellant or that the two insurance companies may have some claim each against the other do not give the bill equity.

We are constrained, therefore, to hold that the trial court erred in overruling the demurrer interposed by the appellant, Birmingham Fire & Casualty Company, to the bill filed by the Lewises.

The decree of the trial court is reversed and one will be here rendered sustaining the appellant's demurrer.

The appellees, the complainants below, are given twenty days after the certificate of the clerk of this court reaches the register of the Circuit Court of Jefferson County, in Equity, within which to amend their bill if they so desire.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.